UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ERNELL MORRIS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>FELICIA PONCE, Warden,<br><br>　　　　　　Respondent. | No.  2:15-cv-1901 KJN P<br><br><br><br>ORDER |

Petitioner is a federal prisoner, proceeding without counsel.  Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner claims his due process rights were violated in connection with an incident report.  Respondent filed an answer; no reply was filed by petitioner.  As set forth below, the petition should be denied.

I. Petitioner's Claims

Petitioner raises three grounds for relief:  (1) incident report not received by petitioner within 24 hours; (2) denied documentary evidence to prepare defense because he was not provided access to FBI reports and Bureau of Prisons ("BOP") Sentry database records related to the delay in disclosing the incident report; and (3) Officer Teeter, who reviewed the incident report with petitioner on June 26, 2014, was also involved in gathering evidence and writing the report, violating petitioner's due process rights by single-handedly attempting to complete the total process.  (ECF No. 1 at 3.)

II. Background

On June 6, 2014, petitioner was issued an incident report, charging him with "Possession, Manufacture, or Introduction of a Hazardous Tool; cell phone," in violation of 28 C.F.R. § 541.3, Code 108.  (ECF No. 9-2 at 4, 24-25; 26-27.)  Reporting staff member, P. Sojack, described the incident on which the charge was based:

> (Date: 6-6-2014 Time: 1930 Staff became aware of incident)  On the date and time above I was conducting rounds in T04 by cell 204 I observed Inmate Morris #08939-091 talking on a cell phone.  I told inmate Morris to hand over the cell phone and he proceeded to put it in his front right pocket.  I then gave him a direct order to give me the cell phone[.]  Inmate Morris complied and handed over the cell phone. The cell phone is a Black Alcatel brand cell phone identifying # N L31 97JF 06 OPW with sim card and SanDisk memory card intact. Operations was notified.

(ECF No. 9-2 at 6, 24, 26.)  On June 26, 2014, Officer J. Teeter gave petitioner a copy of the incident report.  (ECF No. 9-2 at 4, 25.)  Petitioner stated that "the incident report was not served within 24 hours per policy and [his] due process was violated and the incident report should be expunged."  (ECF No. 9-2 at 25.)[1]  Petitioner declined to request any witnesses.  (ECF No. 9-2 at 5, 25.)

On June 27, 2014, Lt. Kouchalakos provided petitioner a second copy of the incident report.  (ECF No. 9-2 at 5, 26.)  Petitioner again declined to request any witnesses.  (ECF No. 9-2 at 6, 27.)

On June 30, 2014, a hearing was convened on the incident report.  (ECF No. 9-2 at 6, 24.)  At the hearing, petitioner stated:

> "I was not served within 24 hours. Incident happened on the 6th and not served until the 26th. The Lt who served me said Teeter shouldn't have served it. He told me he shouldn't have been involved in the process. The Lt. served me on the 27 after Teeter served on 26th."

(ECF No. 9-2 at 6, 24.)  Petitioner submitted 18 pages of documentary evidence.  (Id.)  The Unit

---

[1] The incident report reflects that the FBI declined to refer the violation for criminal prosecution on June 24, 2014.  The report also indicates that due to an administrative error, the report was not served within 24 hours of the FBI declination on June 24, 2014.  (ECF No. 9-2 at 5, 25.)

Discipline Committee ("UDC") determined that there was a sufficient basis to refer the matter to the discipline hearing officer ("DHO") for another hearing and imposition of sanctions that are not available at the UDC level.  (ECF No. 24.)

On June 30, 2014, the UDC provided petitioner with a Notice of Discipline Hearing Before the DHO.  (ECF No. 9-2 at 7, 28.)  Petitioner declined the assistance of a staff representative and declined to request any witnesses.  (ECF No. 9-2 at 28.)

On July 2, 2014, DHO Glenna Crews conducted the hearing.  (ECF No. 9-2 at 7, 17.)  At the time of the hearing, DHO Crews was a certified DHO who did not report the incident, and was not a member of the UDC, not a witness to the incident, and played no role in referring the case for disciplinary hearing.  (ECF No. 9-2 at 14.)  During the hearing petitioner stated, "Not guilty, I did not have a cell phone on me."  (ECF No. 9-2 at 18.)  Petitioner also provided a written statement in which he raised the following defense arguments:  (1) petitioner was not provided a copy of the incident report within 24 hours of the incident; (2) Officer Teeter, who is not a lieutenant, was not authorized to review the incident report or provide petitioner with a copy of the report; and (3) petitioner was not provided FBI reports and all documentary evidence he needed to present a defense.  (ECF No. 9-2 at 17.)

At the hearing, petitioner requested that Lt. Kouchalakos and Officer Teeter be called as witnesses to establish that Officer Teeter was not IDC certified and should not have conducted the initial review.  (ECF No. 9-2 at 10-11, 18.)  The DHO denied both requests because "neither witness had any information directly relevant to the charge pending against petitioner."  (ECF No. 9-2 at 11.)  The DHO explained to petitioner that Officer Teeter was allowed, by BOP policy, to conduct the investigation.  (ECF No. 9-2 at 11, 18.)  The DHO verified that Officer Teeter was IDC certified and was serving in a supervisory role as Acting Lieutenant.  (Id.)

The DHO also denied petitioner's request for documents, including the FBI reports and BOP SENTRY documents, because petitioner's request was related to his purported untimely notice defense, and explained the reason for the delayed notice.  (ECF No. 9-2 at 11-12, 21.)

The DHO set forth in detail the evidence considered in rendering the decision.  (ECF No. 9-2 at 12, 19-21.)  The DHO found petitioner guilty of the cited offense, stating, "based on the

greater weight of the evidence, the DHO believes you possessed a cell phone you were observed talking on and handed to the officer upon a direct order." (ECF No. 9-2 at 21.) The DHO imposed multiple sanctions, including loss of 41 days of good conduct time. (ECF No. 9-2 at 21.)

III. Governing Standards

Federal prisoners have certain due process rights in disciplinary proceedings that may take away credits. See Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). However, in prison disciplinary proceedings, an inmate is not entitled to the full panoply of due process rights that apply to traditional criminal cases. Wolff, 418 U.S. at 556. In the prison disciplinary context, due process requires that the prisoner receive: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71.

In addition, prisoners possess a liberty interest in their statutorily provided good time credits. Wolff, 418 U.S. at 557. Therefore, a prisoner may not be deprived of the credits without due process of law. Due process requires that the decision be supported by "some evidence." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985), citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927). The decision to revoke a prisoner's good time credits need only be supported by "some evidence," even if that evidence might be characterized as meager. See Hill, 472 U.S. at 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that

1 have some basis in fact." Id. at 456.  A due process violation can be shown if after a review of
2 the record in the light most favorable to upholding the agency's decision is devoid of evidence to
3 support the decision to revoke the good time credits.  Id. at 457.

4 IV.  Discussion

5     A.  Notice of the Charge

6 As argued by respondent, the Constitution does not require that petitioner be provided
7 notice of the charge within twenty-four hours of the incident.  Rather, petitioner must be provided
8 written notice of the charge at least 24 hours between the time the prisoner receives written notice
9 and the time of the hearing, so that the prisoner may prepare his defense.  Here, petitioner was
10 provided written notice on two occasions:  June 26 and June 27, 2014, and the hearing on the
11 charge was not conducted until July 2, 2014.  Because petitioner received written notice of the
12 charge more than 24 hours prior to the hearing on July 2, 2014, no due process violation occurred.

13     B.  Whether Officer Teeter Was Authorized

14 Petitioner does not have a constitutional right to be served with notice by an officer
15 holding a particular rank.  In any event, respondent presented evidence that it was staff member P.
16 Sojack, not Officer Teeter, who reported the violation (ECF No. 9-2 at 24), and Officer Teeter
17 was IDC certified and was serving in a supervisory role as an acting lieutenant, and therefore was
18 authorized to provide petitioner with notice of the incident.  Petitioner did not rebut this evidence.
19 This claim is denied.

20     C.  Denial of Documentary Evidence

21 In the petition, petitioner claims that he needed a copy of the FBI report "in order to
22 review the times and dates for administrative processing," and also needed "all documentary
23 evidence that had been entered into Sentry from 06-06-2014 until the present day," as well as 24
24 hours to prepare his defense.  (ECF No. 1 at 6.)  The record shows that petitioner requested this
25 evidence to support his claim that his due process rights were violated by the delayed receipt of
26 notice of the charges.  However, as set forth above, petitioner suffered no violation of his due
27 process rights on the basis of the alleged delay.  Petitioner does not argue that he required this
28 evidence to support his defense to the substantive charges, and petitioner did not file a reply.

1  Thus, this claim is also denied.

2  V. Conclusion

3      In accordance with the above, IT IS HEREBY ORDERED that petitioner's application for
4  a writ of habeas corpus is denied for the reasons explained above.

5  Dated: March 24, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9  /morr1901.157.2241